UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 24-cv-22307-DPG

**MAURICE D. CUNNINGHAM,**

      Plaintiff,

v.

**CARNIVAL CRUISE LINE**
**d/b/a CARNIVAL VENEZIA**

      Defendant,
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff, appearing pro se, filed this action on June 14, 2024. [ECF No. 1]. Plaintiff filed a Motion to Proceed *In Forma Pauperis* the same day. [ECF No. 3]. Because Plaintiff seeks to proceed without paying the filing fee, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

Plaintiff filed this action against Carnival Cruise Line ("Carnival"), asserting that he "was served on [June 18, 2023] glass in food and has no contact with the defendant." [ECF No. 1]. Beyond this statement, the Complaint contains no detail about who served Plaintiff food with glass in it, when he was served, and where. As written, Plaintiff's complaint is vague and conclusory. It gives Carnival no notice of the facts upon which Plaintiff relies in support of his claim. *Holbrook v. Castle Key Ins. Co*., 405 F. App'x 459, 460 (11th Cir. 2010) (affirming dismissal when the complaint's allegations were "vague and ambiguous—leaving the reader to guess at precisely what the plaintiff [is] claiming"). As such, Plaintiff's complaint amounts to an impermissible shotgun pleading.

Plaintiff has "failed to provide even the most basic factual development," forcing the Court to have to "speculate as to whether" he may have legitimate claim and "to divine what happened—or what rights [Plaintiff] might have." *Dorman v. Palm Beach Cnty*., No. 19-81538-CIV, 2020 WL 2078527, at *2 (S.D. Fla. Apr. 30, 2020). This circumstance "is precisely the kind of drain on 'judicial resources' that the 'shotgun pleading' doctrine means to forestall." *Id.* Therefore, this action must be dismissed without prejudice as a shotgun pleading

and for failing to state a claim on which relief may be granted.

Accordingly, it is **ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** and **CLOSED** for administrative purposes. All pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of July, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE